We argue for 10 minutes now and then Joshua Smith for Sierra Clubs can argue for five minutes and I've reserved five for rebuttal. The district court here erred in dismissing the United States complaint for three reasons. First, the court did not fully analyze the statute. Help me on what is the background what is really involved in this case because I mean you can come in now if they are in violation of operational error can't you come in now the EPA come in now and cite them for that and require corrections and remedies for any kind of violations that they may be in now is am I right about that well that's what this enforcement case is seeking to do is to come in now what I'm yeah and what I'm what is involved in we're talking about a statute of limitations here and you're asking for something like to file a permit now but what if they don't and what if we rule in favor of the defendant here what position does that put the EPA in in terms of of of correcting or remedying any kind of operational errors that may exist now I'm asking just because well this is the remedy the this is the suit that would get that remedy so without I know but there's no other how many ways to skin the cat there's why are you going this way does this make it easier for you if they have to file a permit or it makes it harder for you if they have this this statute of limitations that says we don't have any obligation to do this you've got to come in from scratch what is involved in this case why did you try to come through this door and other doors that might be available to you for violations in between air that's what I'm asking there's no other door that gets us the best available control technology emission limitations but this door they need to modify their plant to trigger those emission limitations I mean if they are in violation of standards now you can't do anything about it there are there are other standards that apply but not the control technology standard the emission limitations so there are other standards haze I can't understand why you want to go against all of the other circuits uh on this one business uh not pro top for five years ago well there's two important points here with respect to the injunction we're not against any other circuits even the circuits that ruled against us like homer city that's beside my point okay the point is why don't you go through other doors that's all I'm asking because the trigger for these pollution controls that would reduce sulfur dioxide and nitrogen oxides by about 90 is this program and so this is the door that gets us the night you can't in other words they can they can pollute the air uh in to any extent right well no and you can't do anything about it there are other other standards but for these pollutants grandfathered plants like their plants get to keep polluting at the historic levels until they modify once they modify then they then they have to comply with the best available control technology and it's about a 90 percent drop in these two pollutants and so our argument here is they modify that's what we allege in our complaint for the purposes of this question I'm sorry to keep asking about this but uh and as far as I'm concerned you can have more time because I want you to make your argument but uh but you're telling you're telling me that that this that these facilities can continue to pollute uh right now and you can't do anything about it there's no program that requires this reduction but this program um sure texas could amend its plan and target these facilities but that requires texas to amend its state implementation plan what plan is what plant is currently still open on this the martin lake plant which is only one two and three is still open only martin lake they've closed big brown their letter doesn't claim that that moots anything but martin lake one two three is the only ones that you could actually get something against because big brown's not well there's injunction there's penalties we are our argument is we'd be able to get penalties with respect to big brown um if we're entitled to penalties they violated the the act for five years before the complaint okay um but with respect to the injunction they haven't argued mootness the case the case to look at is friends of the earth versus a lay law in the supreme court there the supreme court said oh closure of a of a plant that's going to be complicated we'll let the district court decide that okay but for us to get in the front door in this case as judge jolly has already alluded to you ask us to create a circuit split with the third seventh eighth tenth and eleventh circuits right there is no circuit that goes your way the sixth circuit goes our way explicitly explicitly explicitly addressing exactly this sort of suit it holds that the united operating without the back limit is an ongoing violation in any event i just want to make really clear putting aside that first issue the injunction issue we're aligned with the third circuit our argument's the same it's the district court here that's the first court usually when you argue a first issue it's your first issue well it's it's are you putting it to one side because you don't think you can prevail on it and you want us to go on to injunction no i just want to be very clear that if you were to side with the third circuit we still should win this case if you follow homer city the third circuit's wrong and it's wrong because when you modify the plan when luminate modified the plan it triggered the a1 and a4 requirements and the a4 requirement is backed best available control technology it's an emission limitation if they had applied for a permit and followed the procedure that they should have they would have ended up with an emission limitation governing operation of their plan their argument is hey hey we didn't apply for a permit so we don't have to do that but that makes no sense you don't get a free pass on emissions control because you skip the permitting step well y'all should have gone after them at that time i mean it's not like you have clean hands necessarily well with two answers with respect to that one you have to apply the statute of limitations as drafted the the reason it's an ongoing violation here and that penalties and injunctive relief is available is because the operation of the plant without the emission limitation is a violation if you would put the emission limitation on the plant they would have had to pollute 90 or so less they didn't they continued polluting at the higher level and that's what the clean air act and the prevention of significant deterioration anything about is that what you're saying well the injunction we can even if you disagree even if you follow the third circuit you agree with the third circuit homer city we can still get an injunction at this point um and so and and that's critically important i'll explain explain why the two arguments why the district court said we could not get an injunction here are one they said that 7413b didn't apply for some reason but that's really clear it says when a person has violated those are the two words the act and injunctions available luminate violated the act at a minimum when they modified the plant so there's a past violation and there's an express authorization for an injunction there's the second reason the district court gave for not for not allowing injunction is the statute of limitations 2462 28 usc 2462 but that applies to penalties doesn't apply to remedial injunctions the injunction we seek here is to one apply for a permit and to clean up the pollution do you believe there's any time bar for seeking an injunction could you just go roving for 10 20 30 years and say we're going to get injunction against you we're going to get against justice against you is there any any time bar to these these these injunctions would go to the future about conduct that's way in the past two answers the statute limitations 2462 simply doesn't provide one for injunctions so then the question is is there anything else out there luminate didn't identify anything else the district court didn't identify anything else and latches doesn't apply to the government on the theory that if the government is slower than it should have been the public should not have to suffer you can go back 20 years is my is the answer to the my question don't have to answer that question because this case doesn't go back 20 years we're but there's nothing you're telling me there's nothing that prohibits you from going for an injunction for anything the Clean Air Act doesn't provide a time limit and the general statute limitations doesn't provide a time limit either okay you know we've been very reluctant to do these continuing violations in in other contexts as well you know in the like in the delicate case we followed volks in the OSHA context and we wouldn't find continuing violations for failure to continue to do this reporting the safety reporting why you can put all that with their first argument that the violation only occurred at the time of modification but those none of those cases get around the fact there's no statute of limitations that applies to the government's claim for relief for injunctive relief and in the cases that the district court cited are completely distinguishable the cases that have addressed this very issue have all held that the statute of limitations doesn't apply to a remedial injunction against the government and so there's no way to get the time bar in our claim for injunctive relief so at a very minimum we should be able to go back to the district court and at that point we have to prove the modification here what's established for purpose of this appeal um and and argue why we should be entitled to injunctive relief which is at the end of the day the district court has wide discretion in fashion in the injunctive relief so at the end of the day if the district court wants to say well back to my earlier question i mean injunctive relief if you're asking for equitable relief i think there's a general broad principle about clean hands and all that sort of thing i mean what is the fact that you sat on your haunches for five years and let it slip by you well have to do with your entitlement to equitable relief two things one sure if that analysis is proper it's at the end of the day after we've proven the violation and the court's weighing those equitable factors the second point is these things changes occur within the walls of the boiler they have a duty to report what they're doing to us part of the analysis whether it's a modification or not depends on whether emissions increase afterwards and that's a complicated engineering monitoring question and so the the passage of time here is not simply you've answered or not answered my question as far as i'm concerned you've known something else got a red light i have a red light any other questions or i will sit down for now is it the tennessee valley authority case that that you rely on on the first issue about what's the violation is the national parks conversation conservationist versus tva from the sixth circuit okay and one more question do you believe that the sierra club could be moving for this if the government wasn't standing here well they'd have a different problem they'd face the concurrent remedy doctrine which even the courts that have applied it against private groups the government changes its position in this litigation just hypothetically as it's done in many much litigation around the country they would they they couldn't do what you're doing they would face a different argument they'd have to make a concurrent remedy than we do we don't have to make that if you look at the otter tail decision from the eighth circuit it and even this 11th circuit's tennessee valley authority case they all have the same name which they also face latches and all that as well they'd have both problems they'd face other problems we're here you know this appeal is authorized and we're and we're here post administration i'm not i just want to make foreshadowing or anything okay okay thank you have some time on the button uh good morning your honors jump into uh judge elrod's question uh smith thank you your honor joshua smith on behalf of the sierra club um we the concurrent remedies doctrine is an equitable one and the supreme court has instructed the courts the lower courts not to apply apply such doctrines mechanically and there are good reasons not to apply the clean uh the concurrent remedies doctrine in the clean air act context but the court need not reach that issue because the supreme court has been clear that in the absence of clear congressional mandate a governmental enforcement claim is subject to no time limitation in this case the statute of limitations clearly excludes injunctive relief nevertheless the district court fashioned a new rule and applied this equitable uh construct a judicially a judicially created rule to create a de facto time bar on the government's claims here you get out of this that that the government's not getting anything what what are you what is your your interest other than you agree with the government in this particular sometimes you are here by yourselves or sometimes you are driving this but this case you're not that's right your honor uh the sierra club has numerous members we are a member-based organization that has citizens who live in the vicinity of these two power plants and these power plants are emitting many thousands more tons of pollution than they would otherwise be allowed to do the same interest the government has and the and the government has identical right she asked you do you have a do you have a separate identical interest in this separate from that of the government uh aside from our answers no we we do your honor the answer is yes we believe that the the district court's ruling on the injunctive relief provisions has the possibility of upsetting uh the availability of injunctive relief across the board we also have a statutory right of intervention under the clean air act and we have an interest in settling this case with the defendant do you get some are you seeking some relief are you separate from the relief that the government's seeking no we are not okay thank you uh the district court's ruling was wrong for a separate reason it assumed that it lacked jurisdiction to enter injunctive relief for a past violation of the act again the clean the supreme court has made clear that absent the clearest congressional and valid legislative command courts retain broad and flexible authority to order injunctive relief for past violations that continue to cause harm nothing in the clean air act suggests let alone commands that it intended that congress intended to strip courts of that broad authority in fact 74 13b provides specific authority for past injunctive relief whenever a defendant quote has violated the act what do you do with the supreme court's case in russell v todd in 1940 that says equity will withhold its remedy if the legal right is barred by the local statute of limitations the response to that is that case did not involve a an governmental enforcement claim on behalf of the public and in a separate context in the dupont case the supreme court has made clear that statute of limitations or that governmental enforcement actions on behalf of the public are subject to no time bar so that latter case the dupont case controls the principles controls the outcome in this case and the statute of limitations is clear that congress did not intend intend to bar equitable relief for the government when it's seeking to protect the public from harm under the clean air act going back to the point about past injunctive relief your honor i would point out that the district court completely ignored 73 74 13b in its analysis and instead relied on a completely different provision of the act 74 77 that provision allows the government to prevent a violation before it occurs the two statute the two provisions can and should be read harmoniously but instead the court adopted a reading that renders the broader relief allowed under 74 13b essentially superfluous which one did the court ignore which one did the court ignore pardon me uh section 74 13b which specifically allows the government to seek injunctive relief for any person who has violated the act and that includes requiring that defendant to come into compliance with the act and in this case the court below has at a minimum the authority to require the defendant to obtain a permit and i do want to come back to judge elrod's question about whether the court whether the government could seek relief in 50 years or whatever what have you that kind of situation can be adequately remedied or can be adequately addressed by the district court the court still has broad authority to fashion appropriate relief to address that and can take into account any delay and so if if the government did wait for 50 years which would be odd you just seem to say i mean you know the work and what you're trying to do here is you know laudable in every kind of way i mean to try to clean the air and if they are polluting i mean nobody likes that particularly but there are rules that you have to play by and i mean there's you know there's a statute of limitations and you know and then you try to come in the back door which you can't get in through the front door i mean it just looks like you're trying to evade all the rules and your work i mean nobody can at least no reasonable person can disagree with the your goal of trying to clean the air i mean and if you've got a bad polluter i mean we don't like that but there are rules you play by so i'm sorry go ahead did you have an answer to respond and so your your honor the statute of limitations must be construed strictly in favor of the government and here the government is seeking to protect the public from harmful air emissions statute of limitations doesn't apply tell us what you're saying such an argument essentially i mean it's and that and that was congress violations and that was congress's clear intent okay so what how does this how would an injunction even work is that okay judge dennis it's his time can i ask him a question sure how would the injunction work because you would you would the injunction would just make them comply with the with the higher mission the lower admission standards the more difficult administration well ongoing and they can't because they don't have the the equipment or whatever installed to meet that and so they just shut down is that what i mean i don't how would this work as a practical matter what you're asking for as a minimum as a at the minimum your honor uh the court can and should require the company to apply for and obtain the appropriate permits and that would be a state case-by-case determination a permit for something they've already done like retroactively request a permit isn't that a foolhardy thing it's not future looking if we know anything from homer it says even if you do an injunction it should be future looking not past looking well there is a violation there is at a minimum a violation of the law that occurred and so under the clean air act when that violation occurred the company was required to be subject to backed and that is going to be a forward-looking remedy once the company is subject to backed it will reduce emissions and will protect air quality throughout the region so it would be subject to these new lower levels yes ongoing that's the remedy you're seeking yes or is it the permit so there would be a case-by-case determination and many of these factors this is this case so i'm trying to figure out what the injunction would say the the injunction at a go back to the state rather and get a permit that allows for that provides backed emission limits a pre-construction permit is that what you're talking about excuse me get a pre-construction permit it would be to get but it would also be to obtain a title 5 permit which is the operating permit that the company has that includes all of the pertinent pertinent limitations don't they already have a permit to operate they do it doesn't but a title 5 permit or whatever title it would be they do they do have a title 5 permit uh it doesn't include what congress intended for modified sources to be subject to best available control technology which is a continuous limitation that should be applied throughout you want to make them go to the state to give them a different permit a more stringent permit this the state the state's not here saying they need to do this right the state is not a party to this case but you're trying to make the injunction tell them they have to go to the state they have to they have to they have to obtain a permit that includes all of the emission limits necessary to comply with the relevant provisions of the act that's what the may it please the court just jolly to go straight to your question there are other ways to skin this cat there are other doors that the government could have gone through these plants have federal operating permits that are effective right now these permits have emission limits in them emission limits for these exact emissions that they're challenging here these permits are renewed every five years and epa reviews them under the statutory process so if epa has a problem with those permits it can raise it at that time of course we would dispute it at that time but that's an administrative process and epa has all the tools that it needs to timely enforce these exact psd provisions it can inspect the plants it can require the plants to create and maintain records and report their emissions in fact in this very case epa began seeking documents from the company what is the i mean there must be some advantage to the epa uh to win this particular case and say that you have to file a pre-construction permit uh over what they would ordinarily the advantage that they ordinarily would have in coming in now on a clean slate the title file process is why do they want this well they can do all if they can skin the cat other ways are they making it easier is this case will make it easier for them to do put you at some disadvantage i mean i'm well they want to understand the practicalities of what this is all about they want the district court to determine what the state should be determining in these situations so they don't want to have the company to go through the state process they want to dictate it out of washington so it's whole inverting the process that's how this whole they also want some kind of penalties they wouldn't be able to get for past years like glob on a whole bunch of old things absolutely they're seeking five years of penalties even though the case was filed how much money you're talking about hundreds of millions of dollars into the hundreds of millions i'm not great at math but you have for so for an outage okay they would seek it uh thirty seven five per day okay the outages last about six days totally in their favor we're talking about hundreds of millions of dollars yes so is the government just trying to shut this down absolutely that's what the enforcement initiative was started with that's the air club's policy agenda but that's not the purpose of the psd provisions if the plants totally shut down can they get the penalties not if the statute of limitations is passed which is what's happened in this case your honor in addition so the real fundamental problem with their argument both on the statute of limitations and on the injunctive is ignores what the statute actually says to determine when a claim first accrues and what injunctive relief the government can get you have to look at the text of the statute their argument is based on a false premise that the statute makes it unlawful to operate a modified facility without back that is not what 74 75 says what 74 75 says is no facility may be constructed unless the proposed facility has been issued a psd permit that defines both the prohibited act construction not operation and the proper time frame pre-construction not post-construction and the reason it needs to be pre-construction is this is not about going to the state and just getting a piece of paper what you're talking about is installing technology at the plan as the seventh circuit said in midwest generation 74 75 is about what must be built so the time for epa to act is when the plant is being built they have to make a game time decision on that they have all the tools that they need to do that the statute allows them to do that was not the plant being built but modifications to the plant that they're talking about that's right they would have had the same opportunity in those circumstances as if it were new construction absolutely your they started asking for documents from the company in 2000 about these issues at these plants five years before the first one of these modifications is alleged to have occurred they could have done what they were supposed to do which is challenge the modifications at that time but they sat on their hands the clean air act is a balance it's a balance between environmental controls and economic considerations and in 74 75 congress said you need to do this pre-construction that's the time to do it the texas regulations here say the exact same thing this court looked at these exact regulations in the clean coalition case 116 110 and 116 111 of the texas code 116 110 which is the primary regulation that the government's complaint says we violated never cited in their briefs to this court that's because that's regulation very clearly says the explain that away because the language is so clear has the state weighed in to say that hey you need to update your permit with us in any sort of way absolutely not in fact after this case was filed in the fall of 2013 the title 5 operating permits for these plants were renewed and they went to epa for review epa reviewed these plants permits in the fall of 2013 the permits did not include what they're saying they should have included epa refused to object to those permits at that time that was their opportunity to do so um if if they were entitled to injunctive relief the government was entitled to injunctive relief nonetheless would it apply to these to the big brown units because it's not ongoing that the district court could order for a plant that's been shut down so there couldn't be any injunctive there's no ongoing it's not going to be retooled and re-upped right it may have even surrendered his permit i'm not sure about that but there's no intention for that plant is there is there any dispute that the defendants owned all the plants at issue while some construction or modification occurred right so um most of the modifications occurred before lumina existed uh the company was txu energy which is a publicly traded company that company went private and became lumina and so we don't really think that matters to the outcome of the case the government is trying to distinguish the third circuit case based on this change of ownership we don't think that's why the third circuit did what it did we think it did what it did based on the plain language of the statute and if you look at that decision and by the third circuit on page 272 what the court is saying is the change in ownership in that case meant that there was no likely future violation okay that's what that's why the court looked at the change in ownership there's no allegation here irrespective of the change in ownership that there will be any likely future violations so so we get to the same result just for a different reason in this case your honor can we consider your penalties argument or did you fail to raise it timely uh you can't consider it it's a pure legal issue it's been fully briefed to this court it's completely within this court's discretion to address that issue and we think you have the ability to do that we don't think you need to i think the narrowest grounds for this court to rule on is the fact that there is no injunctive relief under the statute for a past psd violation and i would like to address an argument that both the government and sierra club raised about 7413 b that is their jurisdictional basis for this case but it doesn't say what they say it says what it says is the district court shall have jurisdiction to restrain a violation and to require compliance these are necessarily dealing with ongoing violations it doesn't say that the district court can issue an injunction to remedy past compliance the government doesn't doesn't want to read the actual sentence about the district court jurisdiction in fact both parties have omitted that section from their statutory addendum what they want to look at is the beginning of 7413 b where it says what the government how the government is to file suit but that provision doesn't authorize anything more what it says if you read it carefully yes your honor no what the introduction to 7413 b says if you read it carefully is that epa in the case of a major source which is what we have here shall file one of three types of actions either a civil penalty case or an injunction case or a case seeking both as appropriate where someone has violated what is appropriate as among those three alternatives has to be determined based on the nature of the violation and the rest of 7413 b and that is not a past injunction for a psd violation so you want us to be in the third with we have to pick a side is there any other way to decide this case i think um the 10th and the 11th have adopted the um an exception to the concurrent remedy doctrine but they've not addressed this statutory argument about what the psd provisions actually require and what the injunctive relief is available theoretically you could still have concurrent remedy but here in this text you shouldn't have this right based on the text if you rule with us on the on the first ground that statute doesn't authorize this kind of relief you'd be in line with the third and the seventh and i'm unaware of any other circuit court that has has ruled differently on that issue so we would not be because the 10th and the 11th don't address the statutory text in that way that's right they just deal with it in those cases it was decided on the concurrent remedy doctrine now if you did decide on the concurrent remedy doctrine and didn't and refused to create a you wouldn't create a split because there is one the 10th and the 11th versus the 9th you'd just be joining the split along with the 9th who ruled that the government can be subject to the concurrent remedy doctrine in the williams case or else we'd be joining the 10th and the 11th if we went their way never mind uh i did want to mention briefly uh marine shale marine shale does not bind this panel that case did not involve psd provisions it did not involve backed it did not involve 74 75 it involved louisiana regulations that specifically as we set out in our addendum deal with operation in fact the government has conceded that that's what that case says if you look on the record at page 12 36 government has previously characterized marine shale as turning on that particular word in the louisiana regulations which we don't have here and in fact none of the five courts of appeals that have looked at this issue thought that marine shale had anything to do with it in fact the 10th circuit looked to this course decision in clean coalition recently that held that it is the act of construction itself that is unlawful we don't think the retirement of big brown moots the case either we did feel obligated to raise that to the court since it is one of the two plans at issue we didn't want to bring it up for the first time but all those same issues are in the case with respect to martin late we think it would just obviously make it impossible to have any injunctive relief with respect to that claim well if uh what what relief can be in civil penalties or injunctive relief be uh granted for big brown well several penalties would not be that alleged activity happened in 2005 i believe so it was well past the statute of limitations and i can't imagine an injunction that that the district court would fashion or that they would ask for that would involve big brown since it's shut down okay no more questions thank you i'd like to answer that last question if you could uh assuming civil penalties are unavailable what effective relief can be granted for big brown plant since it's been retired permanently retired putting aside penalties which i've already mentioned in my opening argument injunctive relief i think would be difficult with big brown they haven't argued mootness though and martin lake still operating so i think it doesn't make a difference for any of the legal issues here they're equally presented by martin lake and big brown the court has to resolve the same issues we think you should reverse on the injunction point and send back and then the court can decide oh no there's no injunction available against big brown but there is one against martin lake we can have argument and briefing on that in the district court but i don't think this court has to sort it out because martin lake presents everything here that big brown does too starting with injunction availability 7 4 13 b the plain language of that provision authorizes the injunction we seek here quote it authorizes the administrator quote to commence a civil action for a permanent or temporary injunction end quote starting i quote again in any of the following instances whenever such person has violated so that's the past injunction we're seeking luminate has violated the act by modifying without a permit and without getting a back dimension limitation we're authorized under 7 4 13 b to get an injunction for that homer city they quote that case and said that was helpful for them on this point but it's not it says quote if the government does not object within five years of the modification then it loses the right to civil penalties but can still obtain an injunction requiring the owner or operator to comply with the psd requirements that ruling they ask you to issue on that would create a conflict with homer city in the third circuit and all the other courts that have said of course you can get under 7 4 13 b an injunction for a past violation with respect to the statute of limitations again plain language we win 2462 mentions penalties does not mention remedial injunctions banks in the 11th circuit tell your ride in the 10th circuit the 11th circuit's case then in the national parks conservation authority all those cases plus the other ones we have cited have held that the concurrent remedy doctrine does not apply against the government when we're enforcing a law for a public benefit what if we gave you in what if we agreed with you and uh held that the statute of limitations well actually the way disagrees with you but uh held the statute of limitations does apply to resolve the legal issues but that injunctive relief was available what would that give you that you don't have now it would give us an order requiring luminant to go to the state of texas and apply for a permit and it's not just a construction permit it's an operating permit and the marine shale case sets this forth and says you know it's called a pre-construction permit but that's confusing it has operating terms in it so this court in marine shale i mean your point of view is that the equitable remedy that you seek here would completely and totally undermine the relevance of the legal statute of limitations right if we lose on when the violation occurs there's no meaning whatsoever no it limits if if you agree and we've argued strenuously it's wrong but if you agree with the third circuit for example that the violation occurs only at the time of modification then we don't get any penalties because the statute of limitations applies to bar our penalty claim if you agree with a third circuit we think it's wrong but you might agree if you were to agree though with the third circuit it doesn't bar our claim for an injunction and they still then have to be in the same place as every other power plant in the country who modified but it does make it does make the issue ruling on the first issue uh irrelevant and moot in effect well we're i'm not conceding the first issue i'm just i'm something but i'm saying you know it would it would mean that it wouldn't it doesn't matter the first issue doesn't matter for an injunction claim because we get it if the violation occurred only at the day they were modifying the plant or the weeks or months they're modifying the plant that still is a violation even the permit doesn't have any meaning no the permit would have meaning the permit would include i'm talking about the failure to get the permit would have no meaning no it would because the permit would include an emission limitation for sulfur dioxide and an emission limitation for nitrogen oxide and and there's no i want to get that now we cannot get that they say there's other ways to skin the cat we can't get the best available control technology emission limitations for those pollutants without this suit there's no other way to get those and so sure there are other programs but none of them do the 90 drop to protect public health that is they give you an 80 drop no they don't give any drop they've been they've they've their emissions have not if they put this data in their brief there's a slight decrease but there's no precipitous drop and there's no other way for us to get that big cleanup drop in 2013 when you went when they went for renewal you could not have requested that no we cannot in the title 5 process impose requirements that are not already in a permit so title 5 is a is a what you're trying to do now we're trying to put it in the in the prevention of significant deterioration permit then it would end up in title 5 but title 5 is a clearinghouse it is a clearinghouse it collects terms it doesn't impose new operating terms which is the problem is is that do you agree that 42 usc 74 75a or that texas sip applicable provisions do not prohibit the ongoing operation of a facility without vact or a psd permit no i do not agree with that that's our that's our argument i know that's your first but that's it's relevant though you said it could be mooted out or something but it actually is very relevant because if the first prong is wrong that the 74 75a doesn't actually prohibit ongoing operation of facility without the permit then you can't be enjoined for failing to be doing that as an ongoing basis if that's not even in the statute to begin with you can though be enjoined to remedy the violation of not applying for the permit when you should have done so when you made the modification and so that's the alternative relief we seek if you disagree with us about the ongoing nature of of a1 and a4 a 74 75 they still didn't apply for a permit and they still didn't get back when they modified and then the question is well how do you bar those claims for an injunction and there's no bar there's no way to go back in the past and apply for a permit of something that's already been done it's already happened it's they already have a permit they don't need a new permit they never got this permit because they didn't do it and you can they can go to texas now and have other cases to hear this morning you didn't bring okay sorry any further questions if not we ask you to reverse i want to ask you i think you may have answered it but uh do the plans allege that any construction or change in operation occurred at any of the plants within the five-year limitation period and if so can you provide an unredacted copy of the complaint of each about that we haven't redacted it for our reasons they've redacted it because they said it's confidential business information claim five of the complaint says that the change in the method of operations which is one of the ways a change occurred occurred for the year following the the outage and that bleeds into the five-year period but again for injunctive relief we don't think the five years okay can they do a 28 to me on that if that's an issue okay thank you very much thank you if that's not agreed upon or something because they're saying what they redacted and that may not be their position no but he's still gonna stop oh are we done i'm sorry you're done what can we do we're done with this case do you want to take a break okay uh that concludes our this case